IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

RECEIVED
2009 DEC 17  P 12: 55

| | |
|---|---|
| KATIE COLE, LEAH DAWSON, and KRISTY HOWARD, individually and on behalf of all others similarly situated, <br><br> Plaintiffs, <br><br> v. <br><br> USA TRAVEL CENTERS, LLC and RAY MCCULLOUGH, <br><br> Defendants. | CIVIL ACTION NO. 2:09CV1143-mht <br><br> **JURY TRIAL DEMANDED** |

## COMPLAINT

**COMES NOW** Katie Cole, Leah Dawson, and Kristy Howard (hereinafter "Plaintiffs"), by and through the undersigned, and hereby file the instant action individually and on behalf of all others similarly situated pursuant to The Fair Labor Standards Act, 29 U.S.C. §201 et seq., specifically the collective action provision of §216(b). For their cause of action, Plaintiffs state as follows:

### STATEMENT OF PARTIES

1.  Plaintiff Katie Cole (hereinafter "Cole") is over the age of nineteen (19) and currently resides in Crenshaw County, Alabama.

2.  Plaintiff Leah Dawson (hereinafter "Dawson") is over the age of nineteen (19) and currently resides in Crenshaw County, Alabama.

3.  Plaintiff Kristy Howard (hereinafter "Howard") is over the age of nineteen (19)

and currently resides in Crenshaw County, Alabama.

4. Defendant USA Travel Centers, LLC (hereinafter referred to as "USA Travel Centers") is a domestic limited liability company. Defendant USA Travel Centers is an entity that owns and operates convenience stores in Alabama and Florida. It is the intent of this collective action to apply to all similarly situated employees of Defendants regardless of location.

5. Defendant Ray McCullough (hereinafter "McCullough") is over the age of nineteen (19) and currently resides in Crenshaw County, Alabama.

## JURSIDICTION AND VENUE

6. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §1331.

7. Venue in the Middle District of Alabama is proper under 28 U.S.C. § 1391(b) and (c) in that Defendants do business in this district and a substantial part of the conduct giving rise to the claims occurred in this district.

## STATEMENT OF FACTS

8. This action is a representative action brought by Plaintiffs, pursuant to 29 U.S.C. § 216(b), individually and on the behalf of all others similarly situated, to recover unpaid overtime compensation as set out in 29 U.S.C. §207.

9. Plaintiff Cole was employed by Defendants as an Assistant Deli Manager from about May/June of 2008 until about August of 2009. As an Assistant Deli Manager, Cole was paid a specified weekly salary of about $350.00 and was not paid overtime compensation for

2

hours worked over the required forty (40) hours. In or around August of 2009, Cole was promoted to Deli Manager. As a Deli Manager, Cole spent the majority of her time performing non-managerial functions, including, but not limited to, cooking, cleaning, servicing orders, changing oil in the fryer, washing dishes, and mopping the floor and was not paid overtime compensation despite the fact she worked 10-25 hours a week over the required forty (40) hours.

10. Plaintiff Dawson was employed by Defendants as an Assistant Manager from about June of 2008 until about July of 2009. As an Assistant Manager, Dawson was paid a specified weekly salary of about $400.00. In or around June of 2009, Dawson's pay was changed from a weekly salary of $400.00 to $7.25 per hour. As an Assistant Manager, Dawson spent the majority of her time performing non-managerial functions, including, but not limited to, running the cash register, bagging ice, stocking the cooler, sweeping the floor, mopping the floor, emptying the trash, stocking the shelves, cleaning the restrooms, and sweeping the parking lot and was not paid overtime compensation despite the fact she worked 10-25 hours a week over the required forty (40) hours.

11. Plaintiff Howard was employed by Defendants as an Assistant Manager from about December of 2006 until about February of 2007. As an Assistant Manager, Howard was paid a specified weekly salary of about $400.00. In or around March of 2007, Howard was promoted to Store Manager. As a Store Manager, Howard spent the majority of her time performing non-managerial functions, including, but not limited to, cleaning the store, running the cash register, stocking the cooler, and stocking the shelves and was not paid overtime compensation despite the fact she worked 10-30 hours a week over the required forty (40).

12. Defendant had a uniform policy of not paying overtime compensation to "Store Managers", "Assistant Managers", "Deli Managers" and "Assistant Deli Managers" at the

required rate of time and one-half for all hours exceeding forty (40) during a pay period. This policy was in effect throughout Plaintiffs' employment.

13. Plaintiffs seek to represent all current and former "Store Managers", "Assistant Managers", "Deli Managers" and "Assistant Deli Managers" employed by Defendants who were not paid overtime compensation at the rate of time and one-half for all hours exceeding forty (40) during a pay period.

14. At all times material to this action Plaintiffs Cole, Dawson, and Howard, were employed by Defendants at their stores located in Crenshaw County, Alabama.

15. At all times material to this action, Defendants were the "employer" of Plaintiffs and others similarly situated with in the meaning of 29 U.S.C. §203(d).

16. At all times material to this action, Defendants were enterprises engaged in commerce or in the production of goods for commerce as defined by §203(s)(1) of the FLSA.

17. At all times material to this action, Plaintiffs and others similarly situated were "employees" of Defendants as defined by §203(e)(1) of the FLSA, and worked for Defendants within the territory of the United States within three (3) years preceding the filing of this lawsuit.

18. The services performed by Plaintiffs and others similarly situated were a necessary and integral part of and directly essential to Defendants' business.

19. At all times material to this action, Defendant Ray McCullough acted directly and/or indirectly in the interest of Defendant USA Travel Centers in relation to Plaintiffs' employment and is, thus, subject to individual liability under the FLSA.

20. At all times material to this action, Defendant Ray McCullough acted as a corporate officer, participating shareholder and/or member, supervisor, manager, and/or other employee of Defendant USA Travel Centers that exercised supervisory authority over Plaintiffs

and is and/or was responsible in whole or in part for the alleged violations asserted herein.

21. At all times material to this action, Defendant Ray McCullough asserted control over the corporate operations of Defendant USA Travel Centers, including, but not limited to, compensation of employees and/or other matters in relation to employees.

22. Defendants have been aware of the requirements of the FLSA and its corresponding regulations necessary to provide employees with overtime compensation. Despite this knowledge, Defendants have failed to pay Plaintiffs and others similarly situated mandatory lawful overtime compensation in compliance with the FLSA.

23. Defendants have not made a good faith effort to comply with the FLSA.

24. Defendants have intentionally failed and/or refused to pay Plaintiffs and others similarly situated in accordance with the provisions of the FLSA.

25. Defendants have engaged in a widespread pattern and practice of failing to pay Plaintiffs and others similarly situated in accordance with §207 of the FLSA.

26. For at least three years, Defendants have been aware of the requirements of the FLSA and its corresponding regulations that require employees such as Plaintiffs to be paid overtime compensation. Despite this knowledge, Defendants have failed to pay Plaintiffs, as well as other Store Managers, Assistant Managers, Deli Managers, and Assistant Deli Managers overtime compensation in conformity with the requirements of the FLSA.

27. Defendants have intentionally and repeatedly misrepresented the true status of Plaintiffs and others similarly situated as well as their entitlement to overtime compensation in order to avoid suspicion and inquiry regarding entitlement to the monies owed. Plaintiffs and others similarly situated relied upon these misrepresentations and were unable to determine their true status under the FLSA through the exercise of reasonable diligence because of said

misrepresentations.

28. As a result of Defendants' fraudulently concealing the true status of Plaintiffs and others similarly situated under the FLSA, the applicable statute of limitations governing this action is tolled for as long as Defendants engaged or engages in the fraudulent and misleading conduct set forth above, which is a period of at least ten (10) years. Defendants are estopped from raising such statue of limitations as a bar.

29. Plaintiffs and others similarly situated seek and are entitled to all unpaid overtime compensation, an equal amount of liquidated damages and/or pre-judgment interest, and a reasonable attorney's fee, including the costs and expenses of this action, pursuant to 29 U.S.C. §216(b).

## COUNT ONE
(29 U.S.C. §207(a))

30. Plaintiffs re-allege all prior paragraphs of the Complaint as if set out here in full.

31. At all times relevant to this action, Defendants failed to pay Plaintiffs and the other similarly situated "Store Managers", "Assistant Managers", "Deli Managers" and "Assistant Deli Managers" overtime compensation at the statutory rate of time and one-half for all hours worked in excess of forty (40) hours during a pay period, in direct violation of 29 U.S.C. §207(a).

32. Plaintiffs and the other similarly situated "Store Managers", "Assistant Managers", "Deli Managers" and "Assistant Deli Managers" have suffered damages in the form of unpaid overtime compensation.

33. As a result of Defendants' violation of 29 U.S.C. §207(a), Plaintiffs and the other similarly situated "Store Managers", "Assistant Managers", "Deli Managers" and "Assistant Deli

6

Managers" seek and are entitled to all unpaid overtime compensation, an equal amount of liquidated damages and/or pre-judgment interest, and a reasonable attorney's fee, including the costs and expenses of this action, pursuant to 29 U.S.C. §216(b).

**WHEREFORE, PREMISES CONSIDERED**, Plaintiffs pray for the following relief:

1. Notice be sent to all current and former individuals who were employed by Defendants, as "Store Managers", "Assistant Managers", "Deli Managers" and "Assistant Deli Managers" informing them of their right to opt-into this lawsuit if they were not paid overtime compensation at the statutory rate of time and one-half for all hours worked in excess of forty (40) with in a prescribe pay period.

2. An award of damages in the amount of all unpaid overtime compensation be paid Plaintiffs and the other similarly situated "Store Managers", "Assistant Managers", "Deli Managers" and "Assistant Deli Managers", plus an equal amount of liquidated damages and/or prejudgment interest;

3. An award of reasonable attorney's fees, including the costs and expenses of this action; and

4. Such other legal and equitable relief to which he may be entitled.

5. Plaintiffs further demand a trial by struck jury on all issues related to this matter.

                          /s/ William R. Davis
                          WILLIAM R. DAVIS (DAV140)
                          ASB-1115-D59W
                          Attorney for Plaintiffs

**OF COUNSEL:**

**DAVIS & HERRINGTON, L.L.C.**
Park Place Center
8650 Minnie Brown Road, Suite 150
Montgomery, Alabama 36117
(334) 215-4449
(334) 215-4459 (Fax)
wrd@davisherrington.com