IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION


| | |
|---|---|
| KATIE COLE, LEAH DAWSON, )<br>and KRISTY HOWARD, )<br>individually and on behalf )<br>of all others similarly )<br>situated, )<br> )<br>    Plaintiffs, )<br> )<br>    v. )<br> )<br>USA TRAVEL CENTERS, LLC )<br>and RAY McCULLOUGH, )<br> )<br>    Defendants. ) | CIVIL ACTION NO.<br>2:09cv1143-MHT<br>(WO) |

OPINION

This case is currently before the court on the joint
motions of plaintiffs Katie Cole, Leah Dawson, and Kristy
Howard and defendants USA Travel Centers, LLC and Ray
McCullough to approve a settlement of the plaintiffs'
claims under the Fair Labor Standards Act (FLSA), 29
U.S.C. §§ 201-219.  In addition to the three named
plaintiffs, 13 others have consented to the terms of the
proposed settlement: Tameka Yvette Bullock, Brittany
Catrett, Amy Griggs, Ethel Pearl Hall, Kimberlee G. Hall,

Haley Hawsey, Brenda L. Johnson, Susie Knight, Jimmy E. McCormick, Ernestine J. Moisan, Sandra F. Moore, Willie Earl Skipper, and Beverly Tillery.   Based on the representations made during a hearing on March 9, 2011, and for the reasons that follow, the motions will be granted and the settlement will be approved.

Because the FLSA was enacted to protect workers from the poor wages and long hours that can result from great inequalities in bargaining power between employers and employees, the FLSA's provisions are mandatory and, except in two narrow circumstances, are generally not subject to bargaining, waiver, or modification by contract or settlement.  Brooklyn Savings Bank v. O'Neil, 324 U.S. 697, 706 (1945).  The first exception is that the Secretary of Labor may supervise the payment of back wages to employees; employees who accept such payments waive their rights to bring suits for liquidated damages, provided the employer pays the back amount in full.  29 U.S.C. § 216(c); Lynn's Food Stores, Inc. v. United States, 679 F.2d 1350, 1352-53 (11th Cir. 1982).

2

The second route to settlement, and the one that is applicable here, occurs when an employee brings a private action for back wages under 29 U.S.C. § 216(b); the employee and employer present a proposed settlement to the district court, and the district court reviews the settlement and enters an appropriate judgment.  Lynn's Food Stores, 679 F.2d at 1354.  The Eleventh Circuit Court of Appeals has explained the rationale for court approval of such settlements:

> "Settlements may be permissible in the context of a suit brought by employees under the FLSA for back wages because initiation of the action by the employees provides some assurance of an adversarial context.  The employees are likely to be represented by an attorney who can protect their rights under the statute.  Thus, when the parties submit a settlement to the court for approval, the settlement is more likely to reflect a reasonable compromise of disputed issues than a mere waiver of statutory rights brought about by an employer's overreaching."

Id.

In reviewing a settlement of an FLSA private claim, a court must "scrutiniz[e] the settlement for fairness,"

3

id. at 1353, and determine that the settlement is a "fair and reasonable resolution of a bona fide dispute over FLSA provisions," id. at 1355.   "If a settlement in an employee FLSA suit does reflect a reasonable compromise over issues, such as FLSA coverage or computation of back wages, that are actually in dispute[,] the district court [may] approve the settlement in order to promote the policy of encouraging settlement of litigation." Id. at 1354.[1]

In this case, there are bona-fide disputes over FLSA provisions, namely FLSA coverage and the amount of backpay.   Further, after hearing from two out of the three named plaintiffs and nine out of the 13 other recipients who have consented to the terms of the proposed settlement and after reviewing the settlement

---

1.   In Lynn's Food Stores, the appellate court disallowed a compromise because it was not brought in the context of an employee lawsuit, but rather was an attempt by an employer to "settle" back pay claims because of a pending investigation by the Secretary of Labor.   The "compromise" was unfair and reflected the extreme inequalities of bargaining position against which the FLSA was designed to protect.

agreement, the court concludes that the settlement is a fair and reasonable resolution of these bona-fide disputes.[2]

Pursuant to the settlement, USA Travel Centers will tender a cash payment in the amount of $ 15,000 and the court will enter a consent judgment against USA Travel Centers in the amount of $ 54,000, with the result that the total value of the settlement will equal $ 69,000.

With respect to the initial payment of $ 15,000, $ 6,000 will be deducted for attorney's fees and $ 350

---

2.   The court did not hear from plaintiff Howard or from the following recipients: Griggs, McCormick, Moore, and Skipper.   However, these persons received written notice of the settlement hearing.   Further, subsequent to the settlement hearing, they filed affidavits explaining that they consent to the proposed settlement. Accordingly, they will be bound by the settlement's terms.

In addition to these persons, two others, Angela Adams and Kim Robinson, have filed consents to join the lawsuit.   However, they did not attend the settlement hearing, nor did they provide affidavits explaining that they consented to the proposed settlement.   Accordingly, the parties agree that the terms of the settlement will not encompass their claims and will therefore in no way compromise any claims that these individuals may have under the FLSA.

5

will be deducted for costs, leaving a cash balance of $ 8,650. From this amount, payments totaling $ 4,415.24 will be made to those recipients who did not receive those back wages that the Department of Labor determined were owed to them pursuant to its 2009 investigation of the defendants. The remaining balance of $ 4,234.76 will be equitably distributed among the recipients as follows. First, plaintiffs' counsel will determine how much each recipient is owed under the FLSA's three-year statute of limitations. Second, counsel will divide this amount by the total amount owed to all of the recipients, with the result that, for each recipient, counsel will calculate a percentage of the total amount that is owed to that recipient. Third, for each recipient, this percentage will be multiplied by the remaining cash balance in order to arrive at an equitable distribution.

Upon enforcement of the $ 54,000 consent judgment, $ 21,600 will be deducted for attorney's fees and the remaining balance will likewise be equitably distributed among the recipients.

6

Pursuant to the settlement, the case is to be dismissed in all other respects.

An appropriate judgment will be entered.

DONE, this the 10th day of May, 2011.


                                      /s/ Myron H. Thompson
                                  UNITED STATES DISTRICT JUDGE